IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BILLY R. WILSON,             )
                             )
        Plaintiff,           )
                             )
v.                           )    Case No. CIV-17-029-JHP-KEW
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                             )
        Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Billy R. Wilson ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's applications for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a painter and dry wall installer. Claimant alleges an inability to work beginning August 30, 2010 due to limitations caused by COPD, degenerative joint disease of the right ankle and hand, and neck and back pain.

### Procedural History

On February 1, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et*

*seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 27, 2015 and August 18, 2015, Administrative Law Judge ("ALJ") John Belcher conducted hearings by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. By decision dated September 4, 2015, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's requests for benefits. On November 30, 2016, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet or equal a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to properly evaluate whether Claimant met or equaled a listing.

4

**Listing Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD"), degenerative joint disease of the right ankle, and degenerative joint disease of the right hand. (Tr. 23). He concluded Claimant retained the RFC to perform light work in that he could lift/carry up to 20 pounds occasionally and ten pounds frequently, with pushing and pulling consistent with the lifting and carrying; stand/walk up to six hours in an eight hour workday; and sit for six to eight hours in an eight hour workday. The ALJ determined Claimant could frequently finger or handle with both upper extremities and should have no more than occasional exposure to fumes, gases, dust, and poor ventilation. (Tr. 25). Based upon this RFC and after consultation with a vocational expert, the ALJ found at step five that Claimant could perform the representative jobs of bench assembler, press machine operator, and circuit board assembly, all of which the ALJ found existed in sufficient numbers in the regional and national economies. (Tr. 31). As a result, the ALJ determined Claimant was not disabled from August 30, 2010 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate his impairments to ascertain whether his conditions met or equaled a listing. Specifically, Claimant asserts that he equals Listing

3.02 pertaining to chronic pulmonary insufficiency.

At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairments meet or equal one of the listings described in the Social Security Regulations. *See* 20 C.F.R., pt. 404, subpt. P, app. 1; *See also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Claimant bears the burden of demonstrating, through medical evidence, that his impairments meet the medical criteria contained in a particular listing. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).

An impairment that manifests only some of the listing criteria, no matter how severely, does not meet or equal the listing. Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). "[W]hether the findings for an individual's impairment meet the requirements of an impairment in the listings is usually more a question of medical fact than a question of medical opinion. . . . In most instances, the requirements of listed impairments are objective, and whether an individual's impairment manifests these requirements is simply a matter of documentation." Avery v. Astrue, 313 F. App'x 114, 121 (10th Cir. 2009)(quoting Soc. Sec. R. 96-5p). Similarly, a finding that an impairment is medically

equivalent to a listed impairment must be based solely on medical evidence. *See* Kemp v. Bowen, 816 F.2d 1469, 1473 (10th Cir. 1987).

To meet Listing 3.02 as Claimant alleges in this case, he must show that for his height, he had a forced expiratory volume ("FEV1") value below a certain threshold. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). For an individual with Claimant's height of 67 inches, an FEV1 value of 1.35 or lower meets Listing 3.02. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). In a March, 2015 test, Claimant was given a height of 68 inches, which would require an FEV1 value of 1.45 or lower to meet the particular Listing alleged.

The record indicates Claimant's highest pulmonary function test was a post-bronchodilator value of 2.3 in March of 2015.[2] (Tr. 587). In the April, 2013 pulmonary function testing, Claimant had a post-bronchodilator highest value of 2.52. (Tr. 346). This is the sole evidence cited by Claimant to assert error in the ALJ's analysis. Since the FEV1 values are not close, Claimant does not meet or equal the listing. Other substantial evidence, including consultative examination reports provides support for the ALJ's decision. No error is attributable to the ALJ's step three analysis.

---

[2] The Social Security Administration utilizes the highest FEV1 value in evaluating respiratory disorders. *See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 3.00(E).

7

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of February, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE